IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, STATE OF FLORIDA CIVIL DIVISION
(ORLANDO)

SANDRA COMPTON,
    Plaintiff,

                                CASE NO.:
-vs-                              DIV.:

PORTFOLIO RECOVERY ASSOCIATES,
LLC and I.C. SYSTEM, INC.,
    Defendants,
_____/

## COMPLAINT

The Plaintiff, SANDRA COMPTON, by and through the undersigned counsel, sues the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), and I.C. SYSTEM, INC. ("IC SYSTEM") and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.     This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3.     The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTS COMMON TO ALL COUNTS

4.     Plaintiff is a debtor pursuant to Florida Statue 559.55(2).

5.     Defendant, PORTFOLIO, is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

6.     Defendant, PORTFOLIO, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates,

1

subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged unknown debt for which the Plaintiff has no knowledge of nor is responsible.

7. Defendant, PORTFOLIO, intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives calling several times during one day and on back to back days, up to six (6) times a day, on the Plaintiff's home phone which she has had for over twenty (20) years, with such frequency as can reasonably be expected to harass the Plaintiff and her family. The harassing calls began while Plaintiff was caring for her gravely ill husband, beginning in December 2011, causing significant additional hardship and distress.

8. Defendant, PORTFOLIO, intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives by calling from different phone numbers to confuse the Plaintiff as to who was calling, including: 914-513-0163; 412-282-1421; 407-921-2521; 518-207-3602; 407-347-4021; 757-961-3544; 702-410-7076; 518-207-3618; 407-347-6414; 202-870-5875; and, 208-758-0221. Defendant, PORTFOLIO, would hang up when Plaintiff answered the phone, or would demand to speak with "Aaron," with no other identifying information. Plaintiff, who has a grown son named Aaron, explained that she owes no debt, is not aware of any debt owed by her son, is not on a joint account with her son, and further directed Defendant to not call her home phone.

9. Defendant, IC SYSTEM, is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

10. Defendant, IC SYSTEM, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees,

collectors and/or contractors for an alleged unknown debt for which the Plaintiff has no knowledge of nor is responsible.

11. Defendant, IC SYSTEM, intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives calling several times during one day and on back to back days, up to six (6) times a day, on the Plaintiff's home phone which she has had for over twenty (20) years, with such frequency as can reasonably be expected to harass the Plaintiff and her family. The harassing calls began while Plaintiff was caring for her gravely ill husband, beginning in December 2011, causing significant additional hardship and distress.

12. Defendant, IC SYSTEM, intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives by calling from different phone numbers to confuse the Plaintiff as to who was calling, including: 914-513-0163; 412-282-1421; 407-921-2521; 518-207-3602; 407-347-4021; 757-961-3544; 702-410-7076; 518-207-3618; 407-347-6414; 202-870-5875; and, 208-758-0221. Defendant, IC SYSTEM, would hang up when Plaintiff answered the phone, or would demand to speak with "Aaron," with no other identifying information. Plaintiff, who has a grown son named Aaron, explained that she owes no debt, is not aware of any debt owed by her son, is not on a joint account with her son, and further directed Defendant to not call her home phone.

13. Plaintiff has always paid her bills on time and does not owe a delinquent debt to any creditor.

14. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

15. All conditions precedent to the filing of this action has occurred.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")
### PORTFOLIO RECOVERY ASSOCIATES, LLC

Plaintiffs re-allege paragraphs one (1) through fifteen (15) above and further states:

16. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

17. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the debtor.

18. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

19. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

20. Defendant has violated Florida Statute §559.72(15) by refusing to provide adequate identification of himself or his employer or other entity whom he represents after being requested to do so.

21. Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Intentional Infliction of Emotional Distress)
### PORTFOLIO RECOVERY ASSOCIATES, LLC

Plaintiffs re-allege paragraphs one (1) through fifteen (15) above as if fully set forth herein, and further states:

22. Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

23. The outrageous conduct as set forth in paragraphs one (1) through eleven (15) herein, was directed at the Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

24. As a direct and proximate result of the outrageous acts described in paragraphs one (1) through fifteen (15) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")
### I.C. SYSTEM, INC.

Plaintiffs re-allege paragraphs one (1) through fifteen (15) above and further states:

25. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

26. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the debtor.

27. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

28. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

29.     Defendant has violated Florida Statute §559.72(15) by refusing to provide adequate identification of himself or his employer or other entity whom he represents after being requested to do so.

30.     Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Intentional Infliction of Emotional Distress)
### I.C. SYSTEM, INC.

Plaintiffs re-allege paragraphs one (1) through fifteen (15) above as if fully set forth herein, and further states:

31.     Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

32.     The outrageous conduct as set forth in paragraphs one (1) through eleven (15) herein, was directed at the Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

33.     As a direct and proximate result of the outrageous acts described in paragraphs one (1) through fifteen (15) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Dawn Austin Hulbert, Esquire
Florida Bar # 0294100
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 13th Floor
Tampa, Florida 33602
Tele: (813) 314-6479
Fax: (813) 223-5402
Attorney for Plaintiff