# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SANDRA COMPTON,

        Plaintiff,

-vs-                              Case No. 6:14-cv-00138-Orl-28GJK

PORTFOLIO RECOVERY ASSOCIATES,
LLC, and I.C. SYSTEM, INC.,

        Defendants.

## ORDER

This case is before the Court on the Notice of Removal filed by Defendant I.C. System, Inc. ("I.C.") on January 27, 2014 (Doc. 1). I.C. claims the removal is based on the filing and service of an amended complaint which gives this Court federal question jurisdiction. (Id.).

Section 1331 grants federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The U.S. Supreme Court has stated that a case "arises under" the laws of the United States "if 'a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. Of Cal. v Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

"A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. Of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Jurisdiction is determined as of the time of removal. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1098 (11th Cir. 1994).

Notwithstanding I.C.'s assertion that an amended complaint was filed, the records of this court and the state court from which this case was removed do not reflect such a filing. Furthermore, the Notice of Removal does not state when I.C. was served with an amended complaint. I.C. did file a copy of a state court order authorizing Plaintiff to file an amended complaint, but did not attach a copy of an amended complaint. (Doc. 23).[1] Thus, the only complaint before this Court as of the date of removal on January 27, 2014, was the original Complaint filed on May 10, 2012, and it does not provide any basis for federal jurisdiction (Doc. 3).[2]

Based on the filings and docket before the Court at the time of removal, there is no basis for this Court to exercise jurisdiction. I.C. has failed to carry its burden. Accordingly, this case is remanded to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, case number 2012-CA-007927-O.

---

[1] Notably, the Order authorizing Plaintiff to amend her Complaint was signed on January 30, 2014, three days *after* the Notice of Removal was filed.

[2] The time for removal of the original Complaint has long expired.

The Clerk is directed to remand this case as set forth above and to then close this case.

**DONE and ORDERED** in Orlando, Florida on this 7 day of February, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record